IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| Plaintiff, | : | |
| vs. | : | |
| | : | NO. 07-294 |
| EDWARD THOMAS | : | |
| a/k/a "Thomas Edwards" | : | |
| Defendant. | : | |

## ORDER & MEMORANDUM

### ORDER

**AND NOW**, this 29th day of July, 2008, upon consideration of defendant Edward Thomas's Motion to Exclude Use and/or Consideration of Prior Convictions in Order to Enhance Defendant's Sentence (Document No. 78, filed July 18, 2008), and the Government's Response in Opposition to Defendant's Motion to Exclude Use and/or Consideration of Prior Convictions (Document No. 81, filed July 23, 2008), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that Defendant Edward Thomas's Motion to Exclude Use and/or Consideration of Prior Convictions in Order to Enhance Defendant's Sentence is **DENIED**.

### MEMORANDUM

**I.    BACKGROUND**

The Indictment in this case was filed on May 22, 2007. It charged defendant as a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On April 17, 2008, defendant pled guilty to the crime charged. Defendant was sentenced on July 29, 2008.

On June 11, 2008, defendant filed a *pro se* Motion to Exclude Use and/or Consideration of Prior Conviction [sic] in Order to Enhance Defendant's Sentence. By Order dated June 13, 2008, the Court denied defendant's *pro se* Motion without consideration and without prejudice

because defendant is represented by counsel.  On July 18, 2008, defendant filed a counseled Motion to Exclude Use and/or Consideration of Prior Convictions in Order to Enhance Defendant's Sentence.  In the counseled motion, defendant argues that the Court should not impose an enhanced sentence upon defendant under the Armed Career Criminal Act ("ACCA") because his prior state drug convictions do not qualify as "serious drug offenses" for purposes of a sentencing enhancement under the ACCA.  18 U.S.C. § 924(e).

Defendant has three prior convictions for violations of the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-113(a)(30).  Defendant pled guilty to possessing or manufacturing with intent to deliver a controlled substance three times: on December 18, 2002, defendant pled guilty to possessing or manufacturing with intent to deliver a controlled substance on September 20, 2000; on February 12, 2003, defendant pled guilty to possessing or manufacturing with intent to deliver a controlled substance on April 4, 2001; and on October 28, 2004, defendant pled guilty to possessing or manufacturing with intent to deliver a controlled substance on April 22, 2004.  (See Ex. A-C to Gov't Sentencing Mem.)

The subject narcotic in the April 22, 2004 offense was crack cocaine or cocaine. (Criminal Complaint dated April 22, 2004, Bill of Information dated July 7, 2004, in Ex. A to Gov't Sentencing Mem.)  Possessing or manufacturing either crack cocaine or cocaine with intent to deliver carries a maximum penalty of ten years imprisonment under Pennsylvania law. 35 P.S. § 780-113(f)(1.1).  PCP (phencyclidine) was a subject narcotic in the September 20, 2000 offense and the subject narcotic in the April 4, 2001 offense.  (Criminal Complaint dated April 5, 2001, Bill of Information dated November 6, 2002 in Ex. B to Gov't Sentencing Mem.; Criminal Complaint dated September 21, 2000, Bill of Information dated November 5, 2002, Tr. 12/18/02

in the case of Commonwealth v. Thomas Edwards, Guilty Plea Colloquy, at 15-16, in Ex. C to Gov't Sentencing Mem.)[1]  Possessing or manufacturing PCP with intent to deliver carries a maximum penalty of ten years imprisonment under Pennsylvania law.  35 P.S. § 780-113(f)(1.1).

The defendant argues that these prior drug convictions should not be used to enhance his sentence under the ACCA because the identity of the controlled substance is not a necessary element of the Pennsylvania statute under which he was convicted or of the ACCA.  (Def.'s Mot. to Exclude 4.)  Defendant asserts that "[a] court may not use the identity of the controlled substance to determine if ACCA applies to a state offense statute when identity is not an element of ACCA."  (Id. 3.)  It is defendant's position that without the identification of the controlled substances underlying defendant's state drug convictions, the Court should apply the "minimum culpability standard," find that the minimum term of imprisonment under Pennsylvania law for possession with intent to deliver a controlled substance is a term of imprisonment not exceeding one year, and conclude that "the PA statute does not meet the ten year maximum requirement under ACCA."  (Id. 6 (citing 35 P.S. § 780-113(f))).

## II.   APPLICABLE LAW

Under the Armed Career Criminal Act, a person who violates 18 U.S.C. § 922(g) and has three prior convictions by any court for "a serious drug offense" faces a mandatory minimum sentence of fifteen years imprisonment.  18 U.S.C. § 924(e).  Under the definition provided in the

---

[1] With respect to the September 20, 2000 offense, defendant was charged with possessing or manufacturing with intent to deliver marijuana and PCP. (Criminal Complaint dated September 21, 2000, Bill of Information dated November 5, 2002, in Ex. C to Gov't Sentencing Mem.)  Defendant pled guilty to one count of possessing or manufacturing with intent to deliver a controlled substance covering both the marijuana and the PCP. (Tr. 12/18/02 in the case of Commonwealth v. Thomas Edwards, Guilty Plea Colloquy, at 15-16.)

ACCA, a "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." Id. 21 U.S.C. § 802 defines "controlled substance" as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter."

### III.   DISCUSSION

In Shepard v. United States, the Supreme Court held that "guilty pleas may establish ACCA predicate offenses and . . . Taylor's reasoning controls the identification of generic convictions following pleas, as well as convictions on verdicts, in States with nongeneric offenses." 544 U.S. 13, 19 (2005) (citing Taylor v. United States, 495 U.S. 575 (1990)). As explained by the Shepard court:

> The Taylor Court drew a pragmatic conclusion about the best way to identify generic convictions in jury cases, while respecting Congress's adoption of a categorical criterion that avoids subsequent evidentiary enquiries into the factual basis for the earlier conviction. The Court held that generic burglary could be identified only by referring to charging documents filed in the court of conviction, or to recorded judicial acts of that court limiting convictions to the generic category, as in giving instruction to the jury.

544 U.S. at 20. The Shepard court applied this same approach to cases in which a defendant's prior convictions followed guilty pleas and held:

> [E]nquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.

544 U.S. at 26.

In United States v. Coker, the Third Circuit applied the Shepard rule in a case substantially similar to the case at bar. 223 Fed. App'x 136 (3d Cir. 2007).[2] The defendant had pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and was challenging the sufficiency of the evidence presented by the Government at his sentencing hearing to classify him as an armed career criminal. The Coker court held that Shepard documents may be used to determine whether a defendant's prior convictions under the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-113(a)(30), fall within the ACCA's definition of "serious drug offense." Id. at 142. The district court in Coker "was presented during the sentencing hearing with the bill of information and the criminal complaint outlining the three previous convictions in the Philadelphia Court of Common Pleas." Id. The Third Circuit stated that "[e]ach document, certified by the Philadelphia Court of Common Pleas and given to the District Court, shows that Coker was convicted three separate times for controlled substance crimes involving cocaine base." Id. Thus, the circuit court concluded that "[t]he information provided in these documents 'enabled the district court to ascertain with certainty the statutes of conviction [35 Pa. Cons. Stat. § 780-113(a)(3[0])] and [that] the statutes of conviction encompass only conduct that falls within' the definition of 'serious drug offense.'" Id. (citing United States v. Watkins, 54 F.3d 163, 168 (3d Cir. 1995)). Approving of the district court's use of Shepard documents to establish the defendant's status as an armed career criminal, the Third Circuit affirmed the defendant's sentence of 192 months (which included the fifteen-year mandatory minimum term of imprisonment under the ACCA). Coker, 223 Fed. App'x at 137, 142.

---

[2] This unpublished opinion has no precedential value under § 5.7 of the Internal Operating Procedures of the Third Circuit, but the Court finds it instructive.

In this case, the Government has submitted to the Court the certified bill of information and criminal complaint for each of defendant's three prior state drug convictions. (See Ex. A-C to Gov't Sentencing Mem.) The Government also submitted the transcript of defendant's guilty plea colloquy on December 18, 2002 for the September 20, 2000 offense. (See Ex. C to Gov't Sentencing Mem.) These documents establish that defendant's prior state convictions were for controlled substances crimes involving crack cocaine or cocaine and PCP, each of which carries a maximum penalty of ten years imprisonment under Pennsylvania law. (See Ex. A-C to Gov't Sentencing Mem.; 35 P.S. § 780-113(f)(1.1)). In light of Coker and Shepard, this Court may rely upon these documents in ascertaining the "statutes of conviction," 35 P.S. § 780-113(a)(30), and that "the statutes of conviction encompass only conduct that falls within the definition of 'serious drug offense'" in the ACCA. Coker, 223 Fed. App'x at 142 (internal citations omitted); 18 U.S.C. § 924(e). Because the Court can properly use these certified judicial documents to establish defendant's status as an armed career criminal, defendant's Motion to Exclude Use and/or Consideration of Prior Convictions in Order to Enhance Defendant's Sentence is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that it may consider the certified bills of information and criminal complaints related to defendant's prior state drug convictions and the transcript of the December 18, 2002 guilty plea colloquy for the September 20, 2000 offense to determine whether defendant's prior convictions were for "serious drug offenses" under the Armed Career Criminal Act. Accordingly, defendant's Motion to Exclude Use and/or Consideration of Prior Convictions in Order to Enhance Defendant's Sentence is denied.

> BY THE COURT:
> s/Honorable Jan E. DuBois
> JAN E. DUBOIS, J.